UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| FREDDRICK SILAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:05-CV-82-TS |
| | ) | |
| JOHN DOE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Freddick Silas, a *pro se* prisoner, submitted a Complaint under 42 U.S.C. § 1983 alleging that a confinement officer persistently pushed a buzzer that sounded near him and resulted in hearing loss. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy

> Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Silas names Sheriff Herman and a jail commander as defendants. Silas says Sheriff Herman and the jail commander failed to properly train confinement officers in the use of the door buzzer. Section 1983 creates a cause of action for damages based on personal liability. A person cannot be held liable under § 1983 unless the person was personally involved in the alleged wrongdoing. A plaintiff must establish facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of respondeat superior, under which an employer or supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Moore v. Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

Supervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference. *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted).

In this case, neither Sheriff Herman nor the jail commander use the buzzer. Silas does not allege that there is a practice of using the buzzer to injure inmates, or that the Sheriff knew that the confinement officer was going to use the buzzer to injure Silas. These defendants were not personally responsible for the actions of the confinement officer and will be dismissed.

Silas alleges that the Defendants inflicted cruel and unusual punishment when a confinement officer caused hearing loss by pressing a buzzer for an ample amount of time while Silas was at the drinking fountain. Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of deliberate indifference to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or

3

unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d at 1373.

In this case, Silas does not allege that the officer knew that there was anyone standing by the buzzer, that he informed the officer he was standing by the buzzer, that he moved as soon as he heard the buzzer, or that he was denied medical treatment after the buzzer hurt his ear. The facts as given by Silas do not allege that the officer was deliberately indifferent, or that he was even aware that Silas was being injured. Silas's Complaint fails to state a claim upon which relief could be granted.

For the forgoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on October 25, 2005.

                                           s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT